**COSTELLO & MAINS, LLC**
By: Deborah L. Mains, Esquire
Attorney I.D. No. 007571996
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER TROIANO, | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| vs. | : |
| EXTREME SERVICE, LLC; JAMES VITALE and JOHN DOES 1-5 AND 6-10, | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Plaintiff, Christopher Troiano, residing in Ocean County, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This action is brought by Plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), New Jersey Wage Payment Law ("NJWPL"), and Conscientious Employee Protection Act ("CEPA").

**Jurisdiction and Venue**

Jurisdiction of the Court is invoked to pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

1

Because Plaintiff and Defendants are residents of the District of New Jersey, venue is proper within the District pursuant to 28 U.S.C. § 1391.

### Identification of Parties

1. Plaintiff Christopher Troiano resides at 2 Lisa Drive, Brick Township, New Jersey 08724, and at all times relevant herein, was employed by Defendants.

2. Defendant Extreme Service, LLC ("Extreme Service") is a New Jersey limited liability company located at 186 Mantoloking Road, Brick, New Jersey 08724, and was, at all relevant times herein, Plaintiff's employer.

3. Extreme Service is an employer within the meaning of 29 U.S.C. § 203 and within the meaning of the NJWHL and NJWPL.

4. Upon information and belief, Extreme Service has gross annual revenue in excess of $500,000.00 per year.

5. Plaintiff, in the course of his employment with Extreme Service, routinely interacted with interstate commerce.

6. Extreme Service is an enterprise within the meaning of the FLSA, NJWHL and NJWPL.

7. Defendant James Vitale is, at all relevant times herein, a resident of the State of New Jersey, the owner of Extreme Service, and an individual who undertook an act of retaliation against Plaintiff under CEPA, and an individual who acts directly or indirectly in the interest of Defendant Extreme Service in relation to its employees, including Plaintiff. As such, Defendant Vitale is an employer within the meaning of the FLSA, NJWPL and NJWHL.

8. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### **General Allegations**

9. Plaintiff was employed by Defendants from or about April 1, 2019, through November 25, 2019.

10. At all relevant times, Plaintiff performed up to the reasonable expectations of his employer.

11. At the beginning of his employment, Plaintiff agreed to a pay rate of $125.00 per day.

12. Defendants initially employed Plaintiff to do construction labor.

13. Plaintiff's job duties did not fall within any exemption to the overtime requirements of the FLSA or NJWHL.

14. In or around May of 2019, Defendants began handling water damage remediation in addition to construciton.

15. Water damage remediation involved work after-hours, sometimes into the middle of the night.

16. Plaintiff regularly worked more than 40 hours per week.

17. Defendants initially paid Plaintiff cash.

18. Defendants failed to provide Plaintiff with any statement of deductions made from his cash wages.

19. Plaintiff asked Defendants to be put on the payroll several times between April and October of 2019.

20. Defendants finally placed Plaintiff on the payroll in October of 2019.

21. However, Defendants failed to pay Plaintiff overtime compensation for any hours worked in excess of 40 hours per week.

22. Defendants also failed to pay overtime at one and one-half times Plaintiff's regularly hourly rate for hours worked in excess of 40 hours per week.

23. Additionally, Defendants failed to pay Plaintiff for all of the hours and/or days that he worked.

24. Without records that are in the possession, custody and control of the Defendants, Plaintiff cannot plead with specificity the number of hours worked each week during the course of his employment.

25. Plaintiff also regularly complained to Defendant Vitale that he was not receiving overtime pay for hours that he worked over 40 hours per week.

26. Plaintiff thereby engaged in CEPA-protected conduct.

27. The NJWPL requires covered employers to pay the full amount of wages due to employees.

28. The FLSA and NJWHL require covered employers to pay employees time and one-half times their hourly rate for each hour worked over 40 hours during a work week.

29. Upon information and belief, Vitale avoided paying Plaintiff overtime by entering Plaintiff's pay rate as $125.00 per hour and entering the amount of days that Plaintiff worked instead of his hours.

30. Vitale became angry when Plaintiff requested to be paid for overtime hours.

31. On one occasion when Plaintiff and Vitale argued about Plaintiff's overtime hours, Vitale told Plaintiff that if it happened again he was done.

32. On Friday, November 22, 2019, Plaintiff and his co-worker, Carl Morris, arrived at work at 8:30am.

33. When Vitale did not show up by 9:30am that day, Plaintiff and Morris left.

34. Plaintiff did not answer Vitale's calls that weekend.

35. When Plaintiff arrived at work the following Monday, November 25, 2019, Vitale sent him home.

36. As Plaintiff left, Vitale followed Plaintiff to his car, arguing with Plaintiff because he had not answered his phone over the weekend.

37. Plaintiff then asked Vitale for the overtime pay that he was owed from the previous week because he had worked 63 hours and had not been paid for overtime.

38. Plaintiff thereby engaged in additional CEPA-protected conduct.

39. Vitale told Plaintiff to leave and that he would be paid for overtime hours on Friday.

40. Plaintiff thereby understood his employment to be terminated.

41. Defendants willfully refused to pay Plaintiff overtime in an amount equal to one and one-half the regularly hourly rate for all hours worked in excess of 40 hours per week, despite his multiple requests to receive overtime pay for his overtime hours.

42. In addition to failing to pay overtime, Defendants failed to pay Plaintiff for all of the hours that he worked.

43. A determinative and/or motivating factor in Defendants' decision to terminate Plaintiff's employment was his CEPA-protected conduct.

44. Defendants' actions were intentional, purposeful, willful and egregious retaliation, performed by a member of upper management, making punitive damages warranted.

45. Defendants' refusal to pay overtime mandates the imposition of liquidated damages.

46. Plaintiff suffered economic and non-economic damages as a result of the above actions by Defendants.

## COUNT I

## FLSA Violation

47. Plaintiff hereby repeats and re-alleges paragraphs 1 through 46, as though fully set forth herein.

48. Plaintiff regularly worked more than 40 hours in a work week during the course of his employment with Defendants.

49. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regularly hourly rate for hours worked in excess of 40 hours in a work week.

50. Defendants violated 29 U.S.C. § 207 by the above acts.

51. Plaintiff has suffered monetary damages as a result of Defendant's acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. §. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. §. 217;

   (d) directing Defendants to make Plaintiff whole for all unpaid overtime and minimum wages due as a consequence of Defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

   (e) directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. §. 216(b);

   (f) awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. §. 216(b); and

   (g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

52. Plaintiff hereby repeats and re-alleges paragraphs 1 through 51, as though fully set forth herein.

53. Plaintiff regularly worked more than 40 hours in a work week during the course of his employment with Defendants.

54. Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of 40 hours in a work week.

55. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

56. Plaintiff has suffered monetary damages as a result of Defendant's acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing Defendants to make Plaintiff whole for all unpaid wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) directing Defendants to pay liquidated damages in an amount equal to 200% of the unpaid overtime;.

(d) awarding Plaintiff the costs of this action together with reasonable attorneys' fees, and

(e) granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### New Jersey Wage Payment Law

57. Plaintiff hereby repeats and re-alleges paragraphs 1 through 56, as though fully set forth herein.

58. Defendants failed to pay Plaintiff for all hours worked by him during his employment, some of which includes overtime compensation.

59. Defendants, by the above acts, have violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

60. Plaintiff has suffered monetary damages as a result of Defendant's acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWPL;

(b) directing Defendants to make Plaintiff whole for all unpaid wages due as a consequence of Defendant's violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid; and

(c) directing Defendants to pay liquidated damages in an amount equal to 200% of the unpaid wages;

(d) awarding Plaintiff the costs of this action together with reasonable attorneys' fees and liquidated damages, as provided in N.J.A.C 34:11-4.10; and

(e) granting such other and further relief as this Court deems necessary and proper.

## COUNT IV
## CEPA

61. Plaintiff hereby repeats and re-alleges paragraphs 1 through 60, as though fully set forth herein.

62. For the reasons set forth above, the conduct of Defendants violates CEPA and renders them liable to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Individual Liability – CEPA

63.  Plaintiff hereby repeats and realleges paragraphs 1 through 62, as though fully set forth herein.

64.  For the reasons set forth above, Defendant Vitale is liable to plaintiff as an individual taking an act of retaliation against Plaintiff for the acts of protected conduct described above.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

65.  Plaintiff hereby repeats and re-alleges paragraphs 1 through 64 as though fully set forth herein.

66.  Plaintiff requests the following equitable remedies and relief in this matter.

67.  Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

68.  Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

69. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

70. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

71. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

72. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

73. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated:  May 15, 2020

By:  **/s/ Deborah L. Mains**
**Deborah L. Mains**

## **DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: **/s/ Deborah L. Mains**
       Deborah L. Mains

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: **/s/ Deborah L. Mains**
       Deborah L. Mains

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: **/s/ Deborah L. Mains**
**Deborah L. Mains**

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/ Deborah L. Mains**
**Deborah L. Mains**