UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER TROIANO, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| | : |
| vs. | : 3:20-cv-06015-BRM-LHG |
| | : |
| EXTREME SERVICE, LLC; JAMES VITALE and JOHN DOES 1-5 AND 6-10, | : |
| | : |
| Defendants. | : |

**JOINT MOTION (A) FOR APPROVAL OF
FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT
AND (B) TO DISMISS THIS ACTION WITH PREJUDICE**

Plaintiff Christopher Troiano and defendants Extreme Service, LLC ("ESL") and James Vitale ("Vitale") (ESL and Vitale shall be referred to hereinafter collectively as "Defendants") (Plaintiff and Defendants shall be referred to hereinafter collectively as "the parties"), jointly move the Court to enter an Order (i) approving the parties' proposed Fair Labor Standards Act Settlement Agreement (the "Proposed Agreement"), a copy of which is attached hereto as Exhibit 1 and (ii) dismissing this action in its entirety, with prejudice.  As grounds for this Motion, the parties jointly state as follows:

1. Plaintiff is a former employee of Defendants and has asserted claims in this action under the Fair Labor Standards Act (the "FLSA") and New Jersey state law.  In his Complaint, plaintiff alleges claims for overtime for which he was allegedly not fully compensated. Defendants dispute all of plaintiff's allegations, including plaintiff's allegations that he worked overtime for which he was not paid.

2.  The parties have vigorously litigated all of plaintiff's claims, including engaging in discovery concerning these claims. The discovery process provided the parties the opportunity to fully and fairly explore the merits of their respective claims and defenses.

3.  After completing discovery, and without acknowledging the merits of any other party's claims or defenses, the parties reached agreement to settle all claims of plaintiff – including his FLSA claims – to fully resolve this case. The parties, represented by counsel of their choosing, engaged in lengthy arm's length negotiations to arrive at the settlement.

4.  Under the FLSA, an employee may not waive or settle claims for unpaid wages unless the settlement is approved by the court in which the action is pending. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). There is no requirement that "any valid settlement of a FLSA claim must take a particular form." Rakip v. Paradise Awnings Corp., 514 F. App'x 917, 919–20 (11th Cir. 2013). Rather, the requirement is only that "the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." Id. Accordingly, to complete the settlement and fully resolve this case, the parties now seek the Court's approval of the Proposed Agreement.

5.  In this action, plaintiff asserted that he was owed overtime wages for which he was not compensated. The parties dispute whether plaintiff worked any overtime hours for which he should have been compensated and was not compensated and how many overtime hours plaintiff worked for which he was not compensated. The probability of success on the merits, and the complexity, expense, and length of future litigation militated in favor of settlement as a reasonable means for all parties to minimize future risks and litigation costs. In

agreeing to the Proposed Agreement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

6.  In addition to the grounds stated above, as further grounds for this request, the parties state that all parties have had the opportunity to review, and contribute to, the Proposed Agreement and that the Proposed Agreement is the result of lengthy and thorough negotiations involving counsel and the parties, who engaged in good faith settlement discussions based upon their independent calculations.  The Parties negotiated a settlement representing a compromise of plaintiff's claims for unpaid overtime.

WHEREFORE, all parties jointly request that the Court (i) approve the Proposed Agreement, a copy of which is attached to this Motion as <u>Exhibit 1</u>, and (ii) dismiss this action in its entirety, with prejudice.  A Proposed Order is attached to this Joint Motion as <u>Exhibit 2.</u>

| | |
|---|---|
| */s/ Miriam S. Edelstein* | */s/ Justin D. Burns* |
| Miriam S. Edelstein, Esq. | Justin D. Burns, Esq. |
| Kevin M. Costello, Esq. | McMoran, O'Connor, Bramley & Burns, PC |
| Costello & Mains, LLC | 2399 Highway 34, Bldg. D Suite D-1 |
| 18000 Horizon Way, Suite 800 | Manasquan, NJ 08736 |
| Mount Laurel, NJ 08054 | (732) 223-7711 |
| 856-727-9700 | jburns@mcmoranlaw.com |
| medelstein@costellomains.com | *Attorneys for Defendants* |
| kcostello@costellomains.com | |
| *Attorneys for Plaintiff* | |
| | |
| Dated:  June 7, 2021 | Dated: June 7, 2021 |

## **EXHIBIT 1**

# SETTLEMENT AGREEMENT

## Parties

This SETTLEMENT AGREEMENT dated ___June 4, 2021___, is by and among **CHRISTOPHER TROIANO** ("Plaintiff"), on the one hand, and **EXTREME SERVICE, LLC** ("ESL") and **JAMES VITALE** ("Vitale") (collectively, ESL and Vitale shall be hereinafter be referred to as "Defendants") (collectively, Plaintiff, ESL and Vitale shall be hereinafter be referred to as the "Parties"), on the other hand.

## Recitals

A.  WHEREAS, Plaintiff is a former employee of Defendants.

B.  WHEREAS, on or about May 18, 2020, after Plaintiff's employment with Defendants ended, Plaintiff filed a Complaint in the United States District Court District for the District of New Jersey entitled <u>Christopher Troiano v. Extreme Service, LLC, et al.</u> bearing docket number 3:20-cv-06015 (the "Action").

C.  WHEREAS, on or about October 2, 2020, Defendants filed an Answer in the Action disputing Plaintiff's claims and allegations and denying all liability.

D.  WHEREAS, Defendants continue to dispute all of Plaintiff's claims and allegations in their entirety and deny all liability.

E.  WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, the Parties resolved to settle and finally resolve all claims arising out of the Action from the beginning of the world through the date of this Agreement.

F.  WHEREAS, the Parties have engaged in arms-length negotiations, during which they were each represented by counsel of their choosing, and led to the Parties' agreement on the terms contained herein.

G.     WHEREAS, the Parties, through their counsel, have conducted a thorough investigation into the facts relevant to the Action and, having diligently investigated the allegations contained in the Action, believe that the settlement between the Parties is fair, reasonable, adequate, and in the best interests of all Parties in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by the Parties, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment.

## 1. Terms and Conditions

**IN CONSIDERATION** of the foregoing, and for good and valuable consideration, including the mutual exchange of promises herein, the receipt and sufficiency of which are hereby acknowledged and shall be conclusively presumed, the Parties agree as follows:

1.1     The Parties agree that this Settlement Agreement is conditional upon approval of the Court in the Action, and the Parties agree to act cooperatively to expedite approval of the Agreement and to file all necessary submissions to obtain such approval including, but not limited to, the Joint Motion (A) for Approval of Fair Labor Standards Act Settlement Agreement (B) to Dismiss this Action with Prejudice (the "Joint Motion") attached hereto as Exhibit A.

1.2     Simultaneous with the execution and delivery of this Settlement Agreement, counsel for the Parties shall execute the Joint Motion attached as Exhibit A.  Counsel for Plaintiff shall file the Joint Motion within five business days of the date that this Settlement Agreement is executed by all Parties.  All Parties expressly acknowledge and agree that, unless and until the Court enters on the Docket an Order allowing the Joint Motion, no provision of this Settlement Agreement shall be valid or binding on any party and in the event that the Court

declines to allow the Joint Motion, no Party shall have any rights or obligations under this Settlement Agreement.

      1.3     Within sixty days of the date of this Settlement Agreement or within five business days of the date that the Court enters on the Docket an Order granting the Joint Motion, whichever date is later, counsel for Defendants shall deliver to counsel for Plaintiff a check in the total collective amount of $2,500.00 (the "First Settlement Payment") made payable jointly to "Christopher Troiano and Costello & Mains, LLC". Within ninety days of the date of this Settlement Agreement or within five business days of the date that the Court enters on the Docket an Order granting the Joint Motion, whichever date is later, counsel for Defendants shall deliver to counsel for Plaintiff a check in the total collective amount of $500.00 (the "Second Settlement Payment") made payable jointly to "Christopher Troiano and Costello & Mains, LLC". Plaintiff acknowledges and agrees that the total collective amount of $3,000.00 is a fair and accurate representation of his alleged damages, including attorneys' fees. The Parties agree that Settlement Payments will be allocated among Plaintiff and his counsel subject solely to the discretion of Plaintiff and his counsel, and Plaintiff agrees that Defendants will not participate in, or direct, in any way the allocation of the Settlement Payments amongst Plaintiff and his counsel. The Parties agree that, notwithstanding the foregoing, Defendants will make no payments unless and until approval of this Settlement Agreement by the Court is obtained.

      1.4     Plaintiff expressly acknowledges and agrees that upon receipt of the Settlement Payments, he will have been paid in full for all wages, overtime, vacation, sick time and salary due and owing from Defendants, including, without limitation, all wages and overtime pay. Plaintiff acknowledges and agrees that he is not owed, and other than the sum paid in accordance with this Settlement Agreement will not receive, any other payments or compensation from

Defendants and is releasing and waiving any claims to any other payments or compensation to which he may otherwise have been entitled to had he not signed this Settlement Agreement.

  1.5  This Settlement Agreement does not constitute an admission by Defendants that they have any obligations to Plaintiff other than those set forth in this Settlement Agreement, nor that Defendants violated any federal, state, and/or local law, provision, constitution, statute, common law, regulation, ordinance, order, and/or contract.

  1.6  Plaintiff acknowledges and agrees that he will not apply for, or otherwise seek or obtain, employment with Defendants at any time in the future in any capacity, including, without limitation, as an at-will employee, contractual employee, independent contractor, or otherwise. Plaintiff further acknowledges and agrees that Defendants have no obligation (contractual, statutory, or otherwise) to rehire, recall, re-employ or hire Plaintiff in the future.

  1.7  Plaintiff covenants and acknowledges that neither he, nor any person, organization or other entity acting on his behalf, has or will sue or cause or permit suit against Defendants upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein.  In the event of any claim by an agency or federal or state government or a claim by any person against Defendants for conduct by Defendants against Plaintiff for any conduct arising prior to the effective date of this Settlement Agreement, Plaintiff waives his right to personally recover any monetary amount in any such proceedings.

  1.8  Plaintiff acknowledges and agrees that he is solely responsible for reporting the Settlement Payment to the taxing authorities as he deems appropriate, and he relies upon no representation of Defendants or their counsel regarding the taxability of the Settlement Payment. To the extent that the Internal Revenue Service, the New Jersey Department of Revenue, or any

other taxing authority or agency attempts to hold Defendants liable for any claim in connection with the Settlement Payment, or seeks payment of fines or penalties concerning Plaintiff's share of taxes from Defendants, Plaintiff agrees to hold harmless, defend, and indemnify Defendants.

  1.9 Plaintiff acknowledges and agrees that his acceptance of the terms of this Settlement Agreement constitutes adequate consideration for the general release contained in this this Settlement Agreement.  This means that by signing this Settlement Agreement, Plaintiff and all others claiming by, through, or under his will, subject to and in accordance with the general release contained in this Settlement Agreement, have knowingly and voluntarily waived certain rights (including, without limitation, rights under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*) and the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (or the wage and hour laws of any other state) that existed as of the date that this Settlement Agreement was signed by the Parties.

  1.10 By signing in the space provided below, Plaintiff, for himself and his principals, agents, representatives, affiliates, partners, employees, insurers, sureties, guarantors, heirs, administrators, executors, trustees, attorneys, predecessors, successors and assigns, and all others claiming by, through, or under any or all of them, hereby remises, releases, and forever discharges Defendants and all of their principals, insurers, sureties, guarantors, agents, representatives, subdivisions, parents, subsidiaries, affiliates, partners, members, employees, managers, officers, directors, shareholders, heirs, administrators, executors, trustees, attorneys, predecessors, and successors and assigns (collectively, "Releasees"); from any and all claims, counterclaims, cross-claims, third-party claims, actions, causes of action, suits, rights, covenants, liens, sanctions, accounts, debts, obligations, damages, liabilities, demands, contracts, leases, agreements, guarantees, wages, salary, overtime pay, benefits, appeals, costs, attorneys' fees and

expenses of every name and nature whatsoever, at law or in equity, under any federal, state, or local law, that Plaintiff ever had, now has, or hereafter can, shall, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever, whether known, unknown, or unknowable, from the beginning of the world through (and including) the date of this Settlement Agreement, including, but not limited to, all claims that were, or could have been included in the Action and all claims or rights under the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Labor Relations Management Act; the National Labor Relations Act; the Immigration Reform and Control Act; the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); the Rehabilitation Act of 1973, 29 U.S.C. §501 *et seq.*; the Equal Pay Act of 1962; the Americans with Disabilities Act of 1990; the New Jersey Law Against Discrimination ("NJLAD"); the New Jersey Conscientious Employee Protection Act ("CEPA"); the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*; the federal equal pay laws; the WARN Act; the Family and Medical Leave Act; the Employee Retirement Income Security Action ("ERISA"); the New Jersey Family Leave Act; the New Jersey Workers' Compensation Act; the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*); the New Jersey Wage and Hour laws ("NJWHL"); the New Jersey Wage Payment Law ("NJWPL"), the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act; the New Jersey Security and Financial Empowerment Act ("SAFE Act"); any other federal, state or local anti-discrimination law; any other federal, state or local whistle-blowing laws; and any other federal, state or local law, statute or regulation, and/or common law claims arising out of or concerning Plaintiff's pre-employment, employment, working relationship, and separation from Defendants or to benefits of any type from Releasees and any other claims or rights, and Plaintiff agrees not to prosecute any such claims against Releasees. This general release and waiver of

claims specifically extends to any claims arising out of Plaintiff's employment with, or separation of employment from, Defendants, including, but not limited to, tort and/or contract claims, including claims for notice, pay in lieu of notice, wrongful dismissal, severance pay, bonus, overtime pay, incentive compensation, interest, sick pay, and/or vacation pay.  Plaintiff specifically releases and waives any claim or right to assert that any cause of action or alleged cause of action or claim or demand has been, through oversight or error or intentionally or unintentionally, omitted from this General Release.

      1.11    Plaintiff and Vitale expressly agree that they shall not disparage or in any manner attempt to harm and/or injure the reputation of one another.

## 2. Confidentiality

      2.1    The Parties to this Settlement Agreement and their attorneys expressly agree to hold the contents of this Settlement Agreement in confidence and not reveal the terms of this Settlement Agreement to any person other than their affiliates, partners and members, or as required by law, for a proper business purpose, or pursuant to an Order of Court, or as necessary to enforce any terms of this Settlement Agreement (including without limitation by filing the Joint Motion attached as <u>Exhibit A</u> hereto), or to provide necessary information to their attorneys, accountants, insurers, spouses, tax and corporate advisors and similar professionals.  This provision shall not prevent the Parties from stating that the Parties have resolved their dispute without providing any details of such resolution.

      2.2    Notwithstanding anything in this Settlement Agreement, this Settlement Agreement may be used in any claim and/or litigation between Plaintiff and Defendants alleging breaches hereof.  This Settlement Agreement may also be used by Plaintiff or Defendants to defend against, or respond to, any inquiries or allegations involving state or federal governmental

entities. The Parties agree that any Party may respond truthfully to any inquiries from any government authority, and such responses will not be in violation of the confidentiality provision set forth in Paragraph 2.1 above.

### 3. <u>Miscellaneous</u>

3.1     It is expressly understood by the Parties that neither this Settlement Agreement nor any of the negotiations, transactions, or proceedings connected in any way with this Settlement Agreement shall be construed or deemed to be evidence of any liability, any wrong-doing, or an admission on the part of any of the Parties or their representatives or those individuals and entities released by this Settlement Agreement, whether or not alleged in the correspondence between the Parties and/or their respective counsel with regard to the Action.

3.2     This Settlement shall be governed by, and construed as a fully integrated contract in accordance with, New Jersey law (without giving effect to the principles of its, or any other states', conflicts of law doctrines). The Courts of the State of New Jersey, or the United States District Court sitting therein, shall have exclusive jurisdiction and venue over any disputes that may arise concerning this Settlement Agreement.

3.3     If any provision of this Settlement Agreement is in conflict with any statute or rule of law of the State of New Jersey or is otherwise unenforceable, such provision shall be deemed to be null and void only to the extent of such conflict or unenforceability, and shall be deemed separate from, and shall not invalidate, any other provision of this Settlement Agreement.

3.4     Each Party has cooperated in the preparation and drafting of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the rule of <u>contra proferentem</u> shall not apply.

3.5     Plaintiff has been advised by Defendants to consult with an attorney of his choice before signing this Settlement Agreement.  Plaintiff and Defendants further state that they have carefully read this Settlement Agreement and that they have had the opportunity to carefully review the same with their respective attorneys.  All Parties have either done so, or knowingly decided not to do so, and all Parties accept the full responsibility and consequences of their action or non-action in this regard.

3.6     All Parties agree that the terms of this Settlement Agreement are satisfactory to, and thoroughly understood by, them and the signing of this Settlement Agreement is voluntary, knowing and of their free act and deed.  Plaintiff states that no representation, promise, and/or inducement has been offered or made to induce him to enter into this Settlement Agreement, and he is competent to execute this Settlement Agreement.

3.7     This Settlement Agreement may be executed in several counterparts, each of which shall, for all purposes, be deemed an original and all of such counterparts, taken together, shall constitute one and the same Settlement Agreement, even though all of the Parties hereto may not have executed the same counterpart of this Settlement Agreement.  An executed copy of this Settlement Agreement shall be treated as an original for all purposes.

3.8     Each Party to this Settlement Agreement has made such investigation of the facts pertaining to this Settlement Agreement and all other related matters as it has deemed necessary.

3.9     The Parties will execute all additional documents and take such additional actions as shall be reasonable and necessary to carry out the provisions of this Settlement Agreement.

3.10    Should either Party breach the terms of this Settlement Agreement, the other Party shall have the right to seek specific performance of the Settlement Agreement.

3.11 This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, heirs and assigns.

3.12 Should any person not a party to this Settlement Agreement challenge the validity of the terms of this Settlement Agreement, the Parties shall provide one another with such cooperation or assistance as may be reasonably requested.

3.13 This Settlement Agreement, along with the exhibits executed and exchanged in connection with this Settlement Agreement, contain the entire agreement between the Parties and supersedes any prior or contemporaneous written or oral agreements between the Parties concerning the subject matter contained herein. This Settlement Agreement is intended as a fully integrated final expression of the agreement between the Parties and is a complete statement of the terms there. This Settlement Agreement may not be modified or amended except in a writing signed by both Parties.

[remainder of page intentionally blank – signature page follows]

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

**CHRISTOPHER TROIANO**

*Christopher Troiano*

Date: Jun 04 2021

**JAMES VITALE**

*[signature]*

Date: 6/7/2021

**EXTREME SERVICE, LLC**

By: James F Vitale Sr

Title: President

Date: 6/7/2021

11

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER TROIANO, | : |
| | : |
| | : CIVIL ACTION NO.: |
| Plaintiff, | : |
| | : 3:20-cv-06015-BRM-LHG |
| vs. | : |
| | : |
| EXTREME SERVICE, LLC; JAMES VITALE and JOHN DOES 1-5 AND 6-10, | : |
| | : |
| Defendants. | : |

**[PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION (A) FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND (B) TO DISMISS THIS ACTION WITH PREJUDICE**

This case is before the Court for consideration of the parties' Joint Motion (A) to Approve Fair Labor Standards Act Settlement Agreement and (B) to Dismiss this Action With Prejudice (ECF #____). After reviewing the record and the joint submission of the parties, including the proposed Fair Labor Standards Act (the "FLSA") Settlement Agreement (the "Agreement") executed by the parties, the Court finds that the settlement is fair, adequate, and reasonable. The Court finds that the Agreement was negotiated at arm's length and is not the result of any collusion.

Based upon the foregoing, it is hereby ORDERED that:

1. The Joint Motion (A) For Approval of Fair Labor Standards Act Settlement Agreement And (B) To Dismiss This Action With Prejudice is hereby **ALLOWED**;

2. The settlement of the parties in the Agreement is hereby **APPROVED**;

3. The instant matter is hereby **DISMISSED WITH PREJUDICE**; and

    4.        The Clerk is hereby **DIRECTED** to administratively close this case.

IT IS SO ORDERED, this ____ day of _____, 2021.

                                                                                                              Hon. Lois H. Goodman, U.S.M.J.